UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **MacroPoint, LLC,** | CASE NO.: 1:15CV1002 |
| Plaintiff, | JUDGE PATRICIA A. GAUGHAN |
| vs. | |
| **FourKites, Inc.,** | REPORT OF PARTIES' PLANNING MEETING UNDER FED. R. CIV.P. 26(F), L.R.16.3 (b)(3) AND LPR 2.1 |
| Defendant. | |

1. Pursuant to Fed. R. Civ. P. 26 (f) and L.R. 16.3 (b)(3) and L.P.R. 2.1, a meeting was held on June 6, 2015, by telephone conference and was attended by:

   | | | |
   |---|---|---|
   | Risto Pribisich | Counsel for Plaintiff | MacroPoint, LLC |
   | Timothy Coughlin | Counsel for Plaintiff | MacroPoint, LLC |
   | Harold Farling | Counsel for Defendant | FourKites, Inc. |
   | Mark Deming | Counsel for Defendant | FourKites, Inc. |

2. The parties **do not** consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

3. Scheduling:

    a. Proposed Schedule:

   The parties are in agreement on the following issues and schedule dates:

   - Plaintiff will file an amended complaint to assert additional patents that have or will issue after the filing of the original complaint.  Plaintiff will file and serve such amended complaint by July 24, 2015.

   - Defendant will answer or otherwise plead in response to the amended complaint by July 31, 2015.

   - The parties agree that Defendant's pending motion to dismiss will be held in abeyance pending Plaintiff's filing of an amended complaint, after which time Defendant's pending motion to dismiss will be superseded by Defendant's answer or other pleading in response to Plaintiff's amended complaint.

- In its pending motion to dismiss, Defendant moves for dismissal for, among other things, lack of personal jurisdiction. The parties assume a renewed motion to dismiss will include a challenge to personal jurisdiction. The parties have agreed to conduct discovery on the issue of personal jurisdictional. However, the parties disagree as to how such discovery will affect a briefing schedule for the renewed notion to dismiss. Below are the parties' proposals for a discovery period and briefing schedule:

    - <u>Plaintiff's proposal</u>: Plaintiff proposes a discovery period of approximately seventy (70) days beginning with the filing of this report and ending on September 18, 2015. Plaintiff asserts that a 70 day discovery period is necessary because the Defendant had raised issues in its pending motion to dismiss that required discovery directed not only to traditional jurisdictional issues, but also directed to the operation of Defendant's "computer systems." *See, e.g.,* Dkt. No. 8 at pg. 2 of Mem. in Supp, of Motion ("Although FourKites may provide information about vehicles passing through Ohio, or it may receive information from trucks operated by carriers based in Ohio, FourKites performs the steps involved in obtaining and providing that information from its computer systems hosted by Amazon Web Services, and the information itself is provided to customers in states other than Ohio."); *id*. at pg. 10 ("Customers of FourKites may pass through Ohio at times, but any actions done by FourKites for those customers necessarily occur at FourKites' computer systems located at Amazon Web Services datacenters, which are not located in Ohio."). Based on these assertions, it is not at all clear how FourKites may on the one hand "receive information from trucks operated by carriers in Ohio" and on the other hand "Customers of FourKites may pass through Ohio at times," but FourKites' "performs the steps involved in obtaining and providing that information" only in states other than Ohio. Plaintiff must be given time to receive, gather, and evaluate information not only on what trucks and what customers or carriers are in Ohio, but how FourKites' "computer systems" operate while those trucks are in Ohio. Further, Plaintiff must be given time to receive and evaluate information on how and when FourKites communicates with "carriers based in Ohio." Furthermore, FourKites' motion to dismiss relies heavily on the Declaration of Mathew Elenjickal, Chief Executive Officer of FourKites. Plaintiff will need to depose Mr. Elenjickal and perhaps other at FourKites in order to investigate the statements relied upon by FourKites in its motion to dismiss. Finally, although Defendant asserts it will produce documents to Plaintiff on July 10, 2015, those documents will not be in response to discovery requests from Plaintiff, which Plaintiff will serve on Defendant by July 9, 2015. The parties have not agreed to a protective order or electronic discovery plan. Defendant's gathering of documents will not be based on search terms, search locations, etc. agree to by the parties and will likely need supplementation based on Plaintiff's discovery requests and the parties' cooperation on an electronic discovery plan. Lastly, Plaintiff assert that its proposal provides the parties with the time necessary to resolve in good faith discovery disputes that may arise between the parties without requiring the

parties to move the Court to revise the briefing schedule for the motion to dismiss due to such disputes. Therefore, Plaintiff does require the 70 days of discovery to properly and fully oppose Defendant's motion to dismiss.

Plaintiff proposes that Plaintiff's opposition to Defendant's motion to dismiss be filed by September 30, 2015, and Defendants reply in support of its motion to dismiss be filed by October 17, 2015.

- <u>Defendant's proposal</u>: Defendant filed its motion to dismiss on June 23, 2015. Under the local rules, Plaintiff's opposition would have been due July 27, 2015. During the parties' conference on July 6, 2015, Plaintiff raised the possibility of filing an amended complaint and of conducting jurisdictional discovery. As of the filing of this report, Plaintiff has had fourteen days within which to take discovery (L.P.R. 1.3), but it has not yet begun that process.

    Plaintiff's request for an additional seventy days in which to conduct discovery (in addition to the 14 days it already has had) is unnecessarily long. Defendant is a small company with limited documents, and it will begin producing those documents to Plaintiff by the end of this week. Plaintiff will thus have three weeks within which to review those documents before Defendant answers or otherwise pleads in response to Plaintiff's amended complaint. Plaintiff should not require additional time.

    Plaintiff's delay imposes an undue prejudice on Defendant. Defendant is a relatively new company making its way in a competitive field. Plaintiff's lawsuit, which was never served on Defendant, is intended to disrupt and interfere with Defendant's business. Plaintiff, as the party filing this lawsuit, has a duty to prosecute its case in a timely manner so that Defendant may vindicate its rights relative to the patent at the earliest opportunity. Therefore, Defendant proposes the following briefing schedule in accordance with the default deadlines under the Local Rules:
    1. July 10, 2015 – Defendant produces documents related to jurisdiction
    2. July 31, 2015 – Defendant answers or otherwise pleads in response to amended complaint
    3. September 3, 2015 – Plaintiff responds to Defendant's motion to dismiss the amended complaint
    4. September 21, 2015 – Defendant replies in support of motion to dismiss the amended complaint

b.  The parties are advocating a departure from the dates set forth in the Patent Local Rules.

    The parties propose that due dates calculated under the Local Patent Rules be counted from the date on which Defendant answers or otherwise pleads in response to Plaintiff's amended complaint.

4. <u>Anticipated Motions</u>:

   a. The parties anticipate filing the following motions:

      i. <u>Plaintiff's response</u>:   None at this time.

         <u>Defendant's response</u>:  Defendant anticipates filing a motion to dismiss Plaintiff's amended complaint.

   b. The following issues may be the proper subject of an early motion for summary judgment or partial summary adjudication:

      i. <u>Plaintiff's response</u>:   None at this time.

         <u>Defendant's response</u>:  Whether the claims of the patent-in-suit (and those expected to be in suit following amendment of the complaint) are directed to patent eligible subject matter under 35 U.S.C. § 101.

5. <u>Nature of Dispute</u>:

   a. <u>Describe the field of the claimed invention</u>:

      <u>Plaintiff's response</u>:  Methods and systems for locating and tracking freight carried by a vehicle in transit in real time or close to real time using a communication device.

      <u>Defendant's response</u>:  The patent-in-suit is directed to computer-implemented methods and systems for indicating location of freight carried by a vehicle.

   b. <u>Claims asserted</u>:

      - <u>Plaintiff's Position</u>:  Based on current information available to Plaintiff, Plaintiff asserts claims 1, 2, 7, 8, 9, and 11 of U.S. Patent No. 8,604,943 (the "'943 patent"). Plaintiff reserves the right to assert additional claims of the '943 patent upon receiving and reviewing responses to discovery requests and further investigation.

      - <u>Defendant's Position</u>:  Defendant is not yet in receipt of Plaintiff's disclosure of infringement contentions under L.P.R. 3.1. Defendant denies it infringes the '943 patent. Defendant reserves the right to respond fully to Plaintiff's allegations pursuant to the Local Patent Rules.

    c.       The parties anticipate requesting that the Court construe \_\_\_\_\_ claim terms.

               The parties believe it is premature for the parties to predict the number of claims that will need to be construed.

    d.       Describe the allegedly infringing activity or product:

- <u>Plaintiff's Position</u>: Based on current information available to Plaintiff, Plaintiff alleges that Defendant has infringed and continues to infringe claims of the '943 patent by developing, producing, using, offering to sell, and selling a software solution and services marketed by Defendant generically as FourKites logistics tracking platform.

- <u>Defendant's Position</u>: Defendant is not yet in receipt of Plaintiff's disclosure of infringement contentions under L.P.R. 3.1. Defendant denies it infringes the '943 patent. Defendant reserves the right to respond fully to Plaintiff's allegations pursuant to the Local Patent Rules.

    e.       Describe any potentially non-infringing alternative designs:

- <u>Plaintiff's Position</u>: Plaintiff believes it is premature at this juncture of the litigation to determine noninfringing alternative designs.

- <u>Defendant's Position</u>: Defendant is not yet in receipt of Plaintiff's disclosure of infringement contentions under L.P.R. 3.1. Defendant denies it infringes the '943 patent. Defendant reserves the right to respond fully to Plaintiff's allegations pursuant to the Local Patent Rules.

    f.       The parties have/have not stipulated that the above-described designs do not infringe the patents in issue.

               The Parties believe this topic is not applicable at this juncture of the litigation.

6.     Discovery

    a.       If the parties anticipate needing to propound interrogatories and/or take depositions in excess of the number provided in the Federal Rules of Civil Procedure, set forth the proposed limit and basis for the request:

               The parties believe it is premature at this juncture of the litigation for the parties to determine whether additional interrogatories or depositions will be required.

    b.       The parties have not agreed to an electronic discovery plan. The parties will work cooperatively to agree to an electronic discovery plan based on the standard for e-discovery set forth in Appendix K to the Local Rules.

      c.      The parties anticipate the following discovery issues:

              <u>Plaintiff's response</u>: Plaintiff anticipates seeking discovery from third parties.

              <u>Defendant's response</u>:  Defendant is unaware of any discovery issue at this time, but anticipates seeking discovery from third parties.

7.    Protective Order

      a.      The parties have not agreed to the form Patent Protective Order set forth in Appendix C to the local Patent Rules.

      b.      The parties do plan to submit an alternative proposed protective order for adoption by the Court based on the Patent Protective Order set forth in Appendix C to the local Patent Rules with accommodations for the handling of software code produced in this litigation.

      c.      Identify any issues the Court should be aware of with respect to the confidentiality concerns of the parties:

              The parties are unaware at this time of any confidentiality concerns that will not be addressed by the Protective Order.

8.    Claim Construction.

The parties will submit simultaneous briefs regarding any disputed claim construction issues on or before:

Date for exchange of opening claim construction briefing to be determined and set in accordance to the Local Patent Rules.

9.    The parties have consented, pursuant to Fed.R.Civ.P. 5(b)(2)(E), to the electronic exchange of pleadings, notices, discovery, and other mandated disclosures not otherwise served electronically via the Court's electronic filing system.

10.    The parties have exchanged correspondence regarding the litigation, but have not discussed settlement and the appropriateness of Alternative Dispute Resolution.

| | |
|---|---|
| Respectfully submitted, | Date: July 7, 2015 |
| /s/Risto Pribisich | /s/Harold E. Farling (*with permission*) |

Risto Pribisich (0081758)
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
200 Public Square
Suite 2300
Cleveland OH 44114 2378
(216) 363 4500
(216) 363-4588 (fax)
rpribisich@beneschlaw.com
Attorney for PLAINTIFF

Harold E. Farling (0055891)
Thomas G. Kovach (0047213)
KOVACH & FARLING CO., LPA
925 Leader Building
526 Superior Avenue East
Cleveland, Ohio 44114-1401
(216) 357-3301
(216) 357-3304 (fax)
hfarling@kflpa.com
tkovach@kflpa.com
Attorneys for Defendant

OF COUNSEL:
Adam S. Weiss
AWeiss@Polsinelli.com
Mark T. Deming
MDeming@Polsinelli.com
POLSINELLI PC
161 North Clark Street, Suite 4200
Chicago, Illinois 60601
(312) 819-1900